**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-02324-REB

LOIS R. KLOBAS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed October 27, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of back pain and chronic depression. After her applications for disability insurance and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on October 11, 2007. At the time of the hearing, plaintiff was 42 years old. She has a high school education in special education classes and past relevant work experience as a home health aide, sorter/tagger, grinder/polisher,

and bell ringer. She has not engaged in substantial gainful activity since August 3, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work with a sit/stand option, requiring only occasional postural activities and no more than simple reading and writing abilities, and that involved moderate restrictions on interactions with others. Although these findings precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the local and national economies that she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff presents four distinct arguments in this appeal. She argues that the ALJ (1) failed to properly apply the "special technique" governing evaluation of mental impairments; (2) erred in not ordering a further psychiatric or psychological evaluation; (3) improperly weighed the opinions of examining and non-examining sources; and (4) failed to obtain a reasonable explanation for an apparent conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles*. Because none of these arguments has merit, I affirm.

Plaintiff argues first that the ALJ failed to properly apply the "special technique" for evaluating mental impairments set forth in the Commissioner's regulations.  *See* 20 C.F.R. § 404.1520a.  The special technique is used at steps two and three of the sequential evaluation process to determine whether a mental impairment is severe and, if so, whether it is sufficiently severe to be considered presumptively disabling.  *See Hargis v. Sullivan*, 945 F.2d 1482, 1487 (10th Cir. 1991).  In applying the technique, the ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [she has] a medically determinable mental impairment(s)" and, if he so finds, "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)." 20 C.F.R. § 404.1520a(b)(1).  If the ALJ finds a medically determinable impairment, he then is required to rate the degree of functional limitation associated with the claimant's mental impairment in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.[1]  *See id*. § 404.1520a(c)(3).  More pertinently here, in applying the technique,

> the written decision must incorporate the pertinent findings and conclusions based on the technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(2); *see also id.* § 1520a(b).

---

[1] Limitations impacting the first three functional areas – activities of daily living, social functioning, and concentration, persistence, or pace – are rated on a five-point scale using the categories: none, mild, moderate, marked, and extreme.  Considerations of episodes of decompensation employ a four-point scale comprising the categories: none, one or two, three, and four or more.  "The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(e)(4).

While the ALJ perhaps could have been more explicit in tying his step two and step three findings to the specific evidence regarding plaintiff's impairments, he nevertheless did in fact discuss in detail the evidence relating to plaintiff's mental impairment.  (*See* Tr. 21.)  This evidence fully supports the ALJ's conclusion that plaintiff's mental impairments resulted in mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties with concentration, persistence, or pace, and that there she had experienced no episodes of decompensation.  (Tr. 18.)  Plaintiff points to no evidence suggesting that these findings were themselves erroneous. Ultimately, therefore, any error that may have occurred in the ALJ's failure to articulate specifically that he was applying the special technique or to explicitly link such application to the evidence of record was undoubtedly harmless.  **See *Stokes v. Astrue***, 274 Fed. Appx. 675, 682 (10th Cir. April 18, 2008).

Also clearly harmless was the ALJ's purported failure to undertake a function-by-function analysis of the mental demands of the jobs he found plaintiff capable of performing.  **See Social Security Ruling 96-8p**, 1996 WL 374184 at * 3-4 (SSA July 2, 1996).  As with her prior argument, plaintiff here presupposes that the regulations require the ALJ to mindlessly recite a litany regardless of the circumstances.  They do not:

> A function-by-function assessment of an individual's limitations ensures that the ALJ does not overlook an important restriction and thereby incorrectly classify the individual's capacity for work.  But an ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence.

***Zatz v. Astrue***, 2009 WL 3198743 at *4 (7th Cir. Oct. 5, 2009).  Again, there is no

6

evidence in this case, and plaintiff points to none, that suggests mental limitations more restrictive than those imposed by the ALJ.  This argument thus fails as well.

Plaintiff's suggestion that the ALJ should have ordered a further consultative examination by a qualified psychiatrist or psychologist fares no better.  At the initial determination level, the Commissioner has a duty to ensure that a psychiatrist or psychologist has reviewed the case file and undertaken the special psychiatric review technique.  *See* 42 U.S.C. § 421(h); 20 C.F.R. § 404.1520a(e)(1).  When this case was presented for initial review, however, plaintiff did not allege a mental impairment.  (*See* Tr. 88.)  When evidence of a mental impairment arises at the administrative hearing level, as it did here, the ALJ has discretion to consult a psychiatrist or psychologist in applying the special technique.  20 C.F.R. § 404.1520a(e)(3); *see also Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1049 (10th Cir. 1993).  Where the record, as here, lacks any evidence undermining the ALJ's determination of plaintiff's mental residual functional capacity and that determination is otherwise amply supported by the evidence of record, remand is not warranted.  *See Andrade*, 985 F.2d at 1050 (citing *Bernal v. Bowen*, 851 F.2d 297, 302 (10th Cir. 1988)).

Next, plaintiff maintains that the ALJ improperly dismissed the opinions of an examining source in favor of those of a non-examining source.  Stephen Morrison, D.O., examined plaintiff in 2005 and issued an opinion suggesting that although plaintiff could sit, stand, and walk up to six hours in an eight-hour work day, "[a]n assistive device would be medically necessary, at least for long distances and uneven terrain," and further that plaintiff could not bend, stoop, or crouch "frequently or occasionally."  (Tr. 130.)  *See Social Security Ruling 83-10*, 1983 WL 31251 at *5-*6 (SSA 1983) (defining "occasionally" as "occurring from very little up to one-third of the time," and

"frequently" as "occurring from one-third to two-thirds of the time"). The ALJ rejected this much of Morrison's opinion, instead concurring with the assessment of a single decisionmaker ("SDM") that the evidence did not support a conclusion that plaintiff required an assistive device to walk and that she could occasionally perform postural activities. (Tr. 20.)

Of course, the opinion of a medical source who has examined the claimant is generally entitled to more weight than that of a non-examining source.[2]  **See** 20 C.F.R. §§ 404.1527(d)(1) & (f). Moreover, an SDM is not a medical professional and consequently that the opinion of an SDM is entitled to no weight. **Velasquez v. Astrue**, 2008 WL 791950 at *3 (D. Colo. Mar. 20, 2008) (Blackburn, J.) (citing **Goupil v. Barnhart**, 2003 WL 22466164 at * 2 n.3 (D. Me. Oct. 31, 2003)). Nevertheless, plaintiff's argument is a red herring. When the ALJ posited the restrictions outlined in Morrison's opinion, including the postural limitations he suggested, to the vocational expert at the hearing, the expert testified that the alternative jobs he identified would still be available.[3] (Tr. 333-335.) Accordingly, reversal is not warranted on this basis.

Finally, plaintiff contends that the ALJ erred in not resolving an apparent discrepancy between the vocational expert's testimony regarding the alternative jobs he identified as within her residual functional capacity and the *Dictionary of Occupational Titles* ("DOT"). More specifically, plaintiff maintains that the reasoning and language levels of these jobs do not clearly comport with the ALJ's determination that plaintiff was limited jobs requiring no more than simple reading and writing. "At the hearings level,

---

[2] There is no treating source statement in the record.

[3] Nor is it accurate to assert, as plaintiff does, that the ALJ simply adopted the SDM's opinion. Instead, he merely found that opinion more consistent with the evidence of record than Morrison's opinion with respect to postural limitations. (Tr. 20.)

8

as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." **Social Security Ruling 00-4p**, 2000 WL 1989704 at *2 (SSA Dec. 4, 2000). *See also  Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

The record, however, reflects that the vocational expert specifically testified that the limitations of simple reading and writing were consistent with the alternative jobs he identified. (Tr. 335.) "Once the VE stated that he was relying on the DOT, the ALJ had no further duty to investigate." *Gibbons v. Barnhart*, 2003 WL 22969357 at * 4 (10th Cir. Dec. 18, 2003). Moreover, the ALJ specifically inquired of the vocational expert regarding the relationship between plaintiff's IQ and the reasoning, math, and language requirements of the alternative jobs, and the vocational expert assured him that those jobs were within plaintiff's intellectual capabilities as indicated by her IQ. (Tr. 338-339.) Finally, the vocational expert testified, with respect to one of the alternative jobs he identified, that "I reassigned the [specific vocational preparation][4] from a four to a two based upon my own professional experience."[5] (Tr. 335.) *See Rogers v. Astrue*, 2009

---

[4] "SVP is defined as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'  An SVP level of 3 means that the lapsed time required to learn the job is '[o]ver 1 month up to and including 3 months.'" *Dikeman v. Halter*, 245 F.3d 1182, 1186 (10th Cir. 2001) (quoting United States Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, App. B, B-1 (1993)).

[5] Using the skill level definitions provided in the Commissioner's regulations at  20 C.F.R. §§ 404.1568 &  416.968, "unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." **Social Security Ruling 00-4p**, 2000 WL 1898704 at * 3.

WL 368386 at * 4 (10th Cir. Feb. 17, 2009) (vocational expert's testimony regarding potential conflict with DOT based on professional experience constitutes substantial evidence). Given that testimony, it was entirely reasonable for the ALJ to believe that there were no additional conflicts with the DOT. Moreover, in light of all the evidence, any failure to inquire specifically regarding apparent conflicts with the DOT clearly was harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (applying harmless error analysis in context of failure to comply with SSR 00-4p).

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated January 29, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge